UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT DUPEE,** | ) | CASE NO. 1:15CV1021 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **PLAYTIKA SANTA MONICA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Defendants Playtika Santa Monica, LLC and Caesars Interactive Entertainment, Inc.'s Motion (ECF DKT No. 10) to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12 (b)(2). For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

**I. Facts**

Plaintiff, Robert Dupee (hereafter "Plaintiff"), alleges that Defendants, Playtika Santa Monica, LLC (hereafter "Playtika SM" or "Defendant") and Caesars Interactive Entertainment, Inc (hereafter "CIE" or "Defendant"), have illegally profited through the operation of a virtual casino under the name of "Slotomania." Plainitff alleges three causes of

action: (1) violations of the Nevada Trade Practices Act, Nevada Rev. Stat. 41.600(2)(e) ("NDTPA"), (2) violations of the Ohio Loss Recovery Statute, Ohio Rev. Code 3763.02 ("OLRS"), and (3) unjust enrichment.

According to the Complaint, Plaintiff, a resident of Ohio, began playing Slotomania on or around June 2014 on his computer in Ohio. (Compl. ¶ 33). Slotomania is a "free-to-play" slot-themed game, available as an app on mobile devices and on several operating platforms including Facebook and Yahoo. (Compl. ¶ 21). With "free-to-play" games, consumers download and play the game for free, but are then able to purchase numerous low cost items within the game itself. (Compl. ¶ 11). Slotomania users initially receive free virtual coins that are then used to make wagers. (Compl.¶ 22). A winning outcome in Slotomania awards only more virtual coins which are then used to continue playing the game. (Compl. ¶¶ 3, 29, 30). Users who run out of virtual coins and wish to continue playing must either wait until a free distribution of coins is made, or, if they choose, they may purchase additional virtual coins. (Compl. ¶¶ 2, 23). Additional virtual coins may be purchased for $1.99 for 7,500 coins up to $49.00 for 270,000. (Compl.¶ 24). Slotomania's Terms of Use, which users must agree to before they can play the game, state that the virtual coins can never be redeemed for real money, and users cannot purchase, sell, or exchange the virtual coins outside the service. (ECF DKT No. 10 at 10-1).

Between June 2014 and April 2015, Plaintiff spent over $12,000 playing Slotomania. (Compl. ¶ 34). Plaintiff filed suit against Defendants, alleging that they have illegally profited from their operation of Slotomania. (Compl. ¶ 4). Defendants now move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, arguing that

Plaintiff has sued the wrong parties.  Playtika SM is a limited liability company incorporated in Nevada and principally based in California.  (Compl. ¶ 6).  CIE is incorporated in Delaware and principally based in Nevada.  (Compl. ¶ 7).  Plaintiff alleges that personal jurisdiction over Defendants is proper because they "conduct business" in Ohio through the operation of Slotomania.  (Compl. ¶ 9).  Specifically, Plaintiff asserts that Defendants have purposefully availed themselves of the forum state by selling virtual coins through Slotomania.  Plaintiff alleges no business other than the Defendants' operation of Slotomania in the state of Ohio.

      Defendants assert that personal jurisdiction is improper because the they do not operate Slotomania, do not conduct any business, or maintain any physical or legal presence in Ohio.  (ECF DKT No. 10 at 10-3).  Defendants assert that Slotomania is operated by non-party Playtika Ltd., a separate legal entity located in Israel.  (ECF DKT No. 18).  Defendants point to the first sentence of Slotomania's Terms of Service Agreement which reads, " The Terms of Service you are reading are a legal agreement between Playtika Ltd. and yourself." (ECF DKT No. 10 at 10-2).  Plaintiff, in response to Defendants' 12(b)(2) Motion to Dismiss, asserts that the Caesars Acquisition Company Annual Report and Playtika SM's LinkedIn page are adequate evidence to establish that the Defendants control and operate Slotomania. (ECF DKT No. 15).  Plaintiff asserts that the Caesars Acquisition Company Annual Report shows that CIE owns the Slotomania brand and directly profits from the operation of the game.  Similarly, Plaintiff asserts that Playtika SM represents its control, operation and facilitation of Slotomania online, by listing Slotomania as a Playtika SM product on their LinkedIn page.

## II. Issue

Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Defendants assert that the Court should dismiss the claim because the Court lacks personal jurisdiction over them and they are not the proper defendants.  The issue is whether Plaintiff has made a prima facie showing that Defendants' contacts with Ohio are sufficient to satisfy Ohio's long-arm statute and the Due Process Clause under the Fourteenth Amendment  to support the District Court's exercise of personal jurisdiction.

## III.  Law and Analysis

**A. Legal Standard**

When a court approaches a motion to dismiss for lack of personal jurisdiction based solely on written materials and affidavits, "the burden on the plaintiff is relatively slight, [...] and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal [ ] [...]."  *Ampco System Parking v. Imperial Parking Canada Corp.*, No. 1:11CV1172, 2012WL1066784, at *2 (N.D. Ohio Mar. 28, 2012) (quoting *Air Prods. & Controls, Inc., v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)).  The court "does not weigh the controverting assertions of the party seeking dismissal." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).  Plaintiff need only establish jurisdictional claims with  "reasonable particularity" and the pleadings and affidavits are construed in the light most favorable to plaintiff.  *Ampco*, 2012WL1066784, at *2.  The burden is on the plaintiff, however, to establish that jurisdiction exists, and the plaintiff may not merely stand on his pleadings in the face of a properly supported motion for dismissal.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The plaintiff must set forth specific facts showing that

the court has jurisdiction. *Id.* Therefore, dismissal is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

**B. Personal Jurisdiction**

In deciding a motion to dismiss under Fed. R. Civ. P 12(b)(2), the Court applies a two-step inquiry when examining if it has personal jurisdiction over the parties. First, the Court determines whether Ohio's long-arm statute confers personal jurisdiction. If the Court determines that the long arm statute confers personal jurisdiction, it then determines whether exercising jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment.

**1. Ohio's Long Arm Statute (R.C. § 2307.382)**

The pertinent section of the Ohio long-arm statute reads:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
    (1) Transacting business in this state; [or]
    (2) Contracting to supply services or goods in this state; [or]
    (3) Causing tortious injury by an act or omission in this state.

Plaintiff asserts that jurisdiction is proper in Ohio under sections (1), (2) and (3). Plaintiff contends that Defendants transacted business within the state, contracted for the sale of goods within the state, regularly solicited and conducted business within the state for profit and knowingly injured individuals within the state.

**a. Plaintiff Fails to Establish That Defendants Transact Business in Ohio or Contract for the Supply of Goods or Services in Ohio**

First, Plaintiff contends that Defendants are subject to personal jurisdiction in Ohio as a result of transacting business and contracting for the sale of goods in Ohio. Specifically,

-5-

Plaintiff alleges that by selling virtual coins for Slotomania, Defendants reached into the state of Ohio and transacted business.  The Ohio Supreme Court has held that to 'transact business' is to "prosecute negotiations; to carry on business; [or] to have dealings."  *Faurecia Exhaust Sys., Inc. v. Walker*, 464 F. Supp. 2d 700, 705-06 (N.D. Ohio 2006) citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75 (1990).  While Plaintiff's Complaint contains assertions which are sufficient to establish that Defendants' transacted business in Ohio, the Court is required to evaluate Defendants' Motion to Dismiss for Lack of Personal Jurisdiction under the standard which requires Plaintiff to support personal jurisdiction by affidavit or otherwise to support his factual assertions.  *Theunissen*, 935 F.2d at 1458.

In support of their Motion to Dismiss, Defendants' submitted the declaration of Michael Cohen, the Senior Vice President and General Counsel to Caesars Acquisition Company, and the Slotomania Terms of Service agreement.  (ECF DKT No.10 at 10-1, 10-3).  Cohen's Declaration establishes that CIE indirectly owns Playtika SM, but neither CIE nor Playtika SM operate, host or otherwise offer Slotomania.  (ECF DKT No. 10 at 10-3).  Further, Cohen's Declaration states that neither CIE nor Playtika SM is registered or otherwise authorized to conduct business in the state of Ohio, and at no time has either entity had employees, corporate files, bank accounts, offices or any other place of business in Ohio.  (*Id.*)  Finally, Cohen's Declaration states that, "Slotomania is offered and operated by Playtika Ltd., a corporation organized under the laws of Israel and having its principal place of business [in] . . . Tel Aviv, Israel."  (*Id.*)  Defendants also submitted the Terms of Service Agreement for Slotomania which states, "The Terms of Service ("Terms") you are reading are

a legal agreement between Playtika Ltd. ("Playtika") and yourself ("You").  (ECF DKT No. 10 at 10-1).

In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, provide specific facts showing that the court has jurisdiction.  *Theunissen*, 935 F.2d at 1458.  Plaintiff has failed to properly provide the Court by affidavit or otherwise, facts supporting his assertion that personal jurisdiction over Defendants would be proper in this case.  Rather, Plaintiff improperly relies on his pleadings to establish that personal jurisdiction is proper.  Plaintiff, in opposition to Defendants' 12(b)(2) Motion to Dismiss, asserts that the Caesars Acquisition Company Annual Report and Playtika SM's LinkedIn page both establish that Defendants transacted business in Ohio through their operation of Slotomania.  Although Plaintiff has failed to properly provide the Court with specific facts showing that jurisdiction would be proper, the Court finds that even after viewing the relied upon material in a light most favorable to Plaintiff, he has failed to make a prima facie showing that jurisdiction would be proper.

Plaintiff asserts that the Caesars Acquisition Company Annual Report (hereafter "Annual Report") shows that CIE operates Slotomania and therefore transacts business in Ohio.  Specifically, Plaintiff alleges that the Annual Report shows that CIE owns the Slotomania brand, associated trademarks, copyright, logos, software code, audio-visual elements, graphics, technology and trade secrets.  (ECF DKT No. 15).  Further, Plaintiff asserts that the Annual Report shows that CIE profits directly from its operation, facilitation and control of Slotomania.  (*Id.*)  The fact that CIE profits from Slotomania and owns the trademark and other intellectual property associated with Slotomania, does not establish that

CIE controls the operations of Slotomania.  In fact, upon closer review, the Annual Report directly states that "[a] key portion of the operation and personnel of **Playtika, a subsidiary of CIE and the Operator of Slotomania**, are located in Israel . . . ."  (ECF DKT No. 18 at 18-1).  For the purposes of the Annual Report, "Playtika" is defined as referring to Playtika Ltd., a separate legal entity.  (*See Id.* 10, 125; *See Also* Annual Report Exh. 21).  The Annual Report, which Plaintiff relies upon, indicates that Playtika Ltd. is a subsidiary of CIE and the operator of Slotomania.  CIE does not purposefully avail itself of the privilege of conducting activities in the forum state merely by owning all or some of a corporation that is subject to jurisdiction.  *See Dean*, 134 F.3d at 1272, citing *Keeton v. Hustler Magazine*, 465 U.S. 770, 781 n.13 (1984) (holding that jurisdiction over a corporation does not necessarily result in jurisdiction over holding company that owns it).  Therefore, Plaintiff must provide sufficient evidence for the Court to conclude that CIE is being brought into court for something it has done, not for the actions of a subsidiary.  Plaintiff has failed to point to any evidence in the Annual Report to support his assertion that CIE transacts business in Ohio through the operation of Slotomania.  Rather, the Annual Report relied upon by Plaintiff indicates that Slotomania is operated by Playtika Ltd., a subsidiary of CIE.  Plaintiff alleges no business other than the Defendants' operation of Slotomania in the state of Ohio.  Thus, the Annual Report fails to support Plaintiff's assertion that the Court has jurisdiction over CIE.

Next, Plaintiff relies on the LinkedIn page of Playtika SM to establish that Defendants operate Slotomania and therefore transact business in Ohio.  Plaintiff not only failed to provide the Court with an authenticated copy of the relied upon webpage, but also failed to provide a working web-link within his pleadings.  Plaintiff alleges that Playtika SM

represents their control, operation and facilitation of Slotomania by listing Slotomania as a Playtika SM product on their LinkedIn page.  Upon viewing the Playtika SM LinkedIn page, the only reference to Slotomania is a graphic logo of Slotomania that appears on the webpage.  Further, Playtika SM's LinkedIn page notes: "With 10 games on 14 platforms in 12 languages, Playtika is a global leader in social mobile games . . . ."  (ECF DKT No. 18 at 18-3).  This language, along with a graphic logo of Slotomania, does not establish that Playtika SM specifically operates Slotomania.  Thus, Playtika SM's LinkedIn page fails to support Plaintiff's assertion that this Court has jurisdiction over Playtika SM.

### b. Plaintiff Fails to Establish That Defendant Caused Tortious Injury to Plaintiff in Ohio

Plaintiff argues that Defendants are subject to personal jurisdiction under Ohio's long-arm statute for causing tortious injury by an act in the state of Ohio.  Plaintiff alleges that he was injured in Ohio as a result of Defendants selling him virtual coins for an unlawful gambling game.  Plaintiff has failed to establish that Defendants operate and control the virtual game Slotomania.  Thus, Plaintiff is unable to establish that Defendants caused tortious injury to him in Ohio and consequently, cannot establish personal jurisdiction under the corresponding portion of Ohio's long-arm statute.

**2. Due Process**

Plaintiff fails to make a prima facie showing that Defendants' contacts with Ohio are sufficient to satisfy Ohio's long-arm statute.  The Ohio long-arm statute does not extend to the constitutional limits of personal jurisdiction required under the Constitution's Due Process Clause.  *See Conn v. Zakarov*, 667 F.3d 705, 713 (2012) (noting "[O]hio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of

-9-

Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.")  Since Plaintiff fails to satisfy the requirements of Ohio's long-arm statute for personal jurisdiction, the Court need not evaluate Defendants' personal jurisdiction under the Constitution's Due Process Clause.

### IV. Conclusion

Because Plaintiff has failed to establish personal jurisdiction over Defendants, the Court need not address Defendants' Motion to Dismiss based upon Forum Non Conveniens and Failure to State a Claim.  Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

**IT IS SO ORDERED.**

**DATE:  _3/1/2016_**

  **S/Christopher A. Boyko**
  **CHRISTOPHER A. BOYKO**
  **United States District Judge**